IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS MITCHELL, #276785,       )
                                )
        Plaintiff,              )
                                )
v.                              )       CASE NO. 2:15-CV-490-WKW
                                )               (WO)
                                )
JIMMY THOMAS, et al.,           )
                                )
        Defendants.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Marcus Mitchell ("Mitchell"), an indigent state inmate, in which he challenges the medical treatment provided to him for a chest injury received on June 13, 2015, complains that an officer sprayed him with a chemical agent on said date in an effort to diffuse an altercation between inmates and alleges that defendants Patterson, Johnson and Thomas failed to protect him from an attack by another inmate on June 24, 2015.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials, including affidavits, incident reports and medical records, in which they address the claims for relief presented by Mitchell. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Mitchell. The defendants assert and the documented evidence indicates that the defendants did not act with deliberate indifference to Mitchell's medical needs or safety.

Initially, the medical records compiled contemporaneously with the treatment provided by health care personnel to Mitchell establish that Mitchell  received immediate treatment for his injuries.  Upon their initial examination of Mitchell, the attending nurses provided treatment based on Mitchell's description of the injuries suffered, their visual observations and various diagnostic tests performed on Mitchell.  These tests demonstrated that Mitchell exhibited normal respiration and oxygen saturation rates with only a slight elevation in his blood pressure, a common occurrence after involvement in a physical altercation.  The results of the tests therefore "indicate[d] normal pulmonary function." *Medical Defendant's Exh. 1 (Aff. of Dr. John Peasant) - Doc. No. 16-1* at 2.  Moreover, during the course of the initial evaluation, "Mitchell made no complaints of chest pain or shortness of breath." *Id*.  When Mitchell reported to the health care unit on June 15, 2015 complaining of "pain and discomfort in his chest, he immediately underwent an x-ray, which confirmed the presence of a condition known as a pneumothorax.  A pneumothorax is a medical condition where by air enters the chest cavity between an individual's lungs and chest wall, thereby creating pressure upon the lung wall and eventually causing the lung wall to collapse....  Upon confirmation of this diagnosis [on this same date], Mr. Mitchell was transported to Jackson Hospital in Montgomery, Alabama for treatment." *Id*. at 4.

With respect to the failure to protect claim, the correctional defendants assert and the undisputed evidence indicates that the defendants did not act with deliberate indifference to Mitchell's safety regarding the spontaneous and unprovoked attack about which he

2

complains.  Specifically, there is no credible evidence that "an objectively substantial risk of serious harm [to his safety] ... exist[ed]" at the time of the attack.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028-1029 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The defendants further argue that the record is devoid of evidence to show that any named defendant "subjectively knew that [Mitchell] faced a substantial risk of serious harm.  The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Johnson v. Boyd*, 568 Fed. App'x 719, 721 (11th Cir. 2014) (internal citation omitted).

In light of the foregoing, the court issued an order directing Mitchell to file a response to the defendants' written reports.  *Order of October 21, 2015 - Doc. No. 25*.  The order advised Mitchell that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Mitchell for filing a response in compliance with the directives of this order expired on November 5, 2015.  *Id*.  Mitchell has failed to file a requisite response in opposition to the defendants' written reports.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than

3

dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Mitchell is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Mitchell's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited to affidavits, incident reports and medical records, indicate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Mitchell's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before February 22, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive,

4

or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th  Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of February, 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE